NR:VTN
F. #2018R01898

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MARIA RIOS,
    also known as "Maria Padro,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

AFFIDAVIT AND
COMPLAINT IN SUPPORT
OF ARREST WARRANT

(18 U.S.C. § 641; 42 U.S.C. § 408(a)(4))

No. 19-999-M

EASTERN DISTRICT OF NEW YORK, SS:

        Neisha Samaroo, being duly sworn, deposes and states that she is a Special Agent with the Social Security Administration, Office of the Inspector General, duly appointed according to law and acting as such.

        In or about and between March 2016 and April 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARIA RIOS, also known as "Maria Padro," did knowingly and willfully steal and convert to her own use things of value of the United States in an amount in excess of one thousand dollars ($1,000.00).

        (Title 18, United States Code, Section 641)

        In or about and between 2001 and April 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARIA RIOS, also known as "Maria Padro," having knowledge of the occurrence of any event affecting the initial and continued right of payment under Subchapter II of Title 42, United States

Code, Chapter 7, did conceal and fail to disclose said event with intent to fraudulently secure payment in a greater amount than is due and when no payment is authorized.

(Title 42, United States Code, Section 408(a)(4))

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I am a Special Agent with the Social Security Administration ("SSA"), Office of the Inspector General, and have been involved in the investigation of numerous cases involving theft of government property, bank fraud, wire fraud and aggravated identity theft. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.

## INTRODUCTION

2. Retirement Survivor's Insurance Benefits ("RSI") is a benefit program administered by the SSA. Individuals employed in the United States regularly have a part of their wages withheld and paid to the SSA. These withheld wages represent "credits" earned by these individuals toward RSI benefits. If an individual earns sufficient "credits," he or she, or eligible dependents, are eligible to receive RSI payments upon reaching a certain age. The categories of family members eligible to receive such benefits are (1) spouses over the age of 62, (2) children under the age of 18, (3) disabled children and (4) widows/widowers.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3. Social Security Disability Insurance ("SSDI") is another benefit program administered by the SSA. In order to be awarded SSDI, an individual is required to work for a sufficient period of time and have paid taxes to Social Security, but he or she also must have a medical condition that meets the SSA's definition of a "disability." There is no age requirement to collect SSDI benefits.

4. SSDI beneficiaries are notified at the time of application, and periodically while receiving benefits, of their responsibility to inform SSA if they return to work or their disabling condition improves. Once approved for SSDI payments, an SSDI recipient's eligibility may be terminated if he or she is able to work and earn more than a certain monthly amount, known as "Substantial Gainful Activity."

5. SSA benefits payments are made monthly by the United States Department of the Treasury ("Treasury") on behalf of the SSA, either by a physical check or direct deposit into a bank account designated by the beneficiary.

6. As described further below, the defendant applied for and received two different social security account numbers ("SSNs") and defrauded the SSA by making false statements and concealing material facts to collect SSA benefits under both identities.

## THE MARIA RIOS IDENTITY

7. In or about 1967, the defendant applied for and was issued a social security account number ending in 3268 (the "3268 SSN") under the name "Maria Rios" (the "Rios Identity").

8. At various times and during each year between 2001 and 2012, the defendant worked and received income under the Rios Identity.

9. On or about June 24, 2014, the defendant applied for RSI retirement benefits under the Rios Identity. In her application, she provided the following information, in relevant part: (1) she had never used any other social security account number; (2) she had never used any other name; (3) she had never previously been married; and (4) she had never previously applied for social security benefits. Based on the information provided in her application, the SSA approved the defendant's application and began making monthly payments to the defendant by direct deposit from the Treasury into the defendant's account with Citibank (the "Citibank Account"). In or about and between August 2014 and July 2018, the defendant received a total of approximately $27,333.50 in RSI retirement benefits payments under the Rios Identity.

10. According to the records of Citibank, the Citibank Account was opened on or about December 7, 2007 in the name of "Maria Rios." At the time of the account opening, the defendant provided the 3268 SSN as her taxpayer identification number.

## THE MARIA PADRO IDENTITY

11. In or about 1976, the defendant applied for and was issued a social security account number ending in 6688 (the "6688 SSN") under the name "Maria Padro" (the "Padro Identity"). In that application, she disclosed that her name at birth was Maria Rios, but stated that she had never before applied for nor received a social security account number.

12. On or about March 15, 1994, the defendant applied for SSDI benefits under the Padro Identity and claimed that she was unable to work due to a disabling condition. Based on the information provided in her application, the defendant was awarded SSDI benefits. From in or about and between October 1994 and February 2016, the

defendant received a total of approximately $98,362.70 in SSDI benefits under the Padro Identity.

13. While the defendant was receiving SSDI benefits under the Padro Identity, she concealed the fact that she was working and receiving income under the Rios Identity between 2001 and 2012. The amount of income earned by the defendant between 2001 and 2012 under the Rios Identity qualified as Substantial Gainful Activity. Had the defendant disclosed her true income to the SSA, the defendant would not have been entitled to SSDI benefits starting in or about February 2002.

14. On or about March 15, 2016, the defendant applied for RSI benefits under the Padro Identity as the widow of Francisco Padro. In her application, she provided the following information, in relevant part: (1) she had never used any other social security account number; (2) she married Francisco Padro in 1969; and (3) her marriage to Francisco Padro ended upon his death in February 2016. In her application for RSI widow's benefits under the Padro Identity, the defendant failed to disclose her prior application for RSI retirement benefits in 2014 under the Rios Identity, despite being asked if she had made any such prior applications.

15. Based on the information provided by the defendant in the application for RSI widow's benefits under the Padro Identity, SSA approved her application and determined that as of March 2016, her monthly RSI widow's benefit payment was $1,221.40. In addition to receiving RSI widow's benefits starting in March 2016, the defendant continued to receive SSDI benefits, and as of March 2016, her monthly SSDI benefit payment was $555.90. From in or about and between March 2016 and April 2019, she received a total of approximately $55,362.00 in RSI widow's benefit payments and SSDI

benefit payments under the Padro Identity, which were paid to the defendant by direct deposit, into a TD Bank account with an account number ending in 8796 (the "TD Bank Account").

16.     According to the records of TD Bank, the TD Bank Account was opened on or about September 22, 2006, in the names of "Maria Padro" and "Francisco Padro."  At the time of the TD Bank Account opening, the defendant provided the 6688 SSN as her social security account number, and as proof of identification, she provided an identification card with identification number 865147781.

## INFORMATION FROM THE DEPARTMENT OF MOTOR VEHICLES

17.     An investigator from the New York State Department of Motor Vehicles ("DMV") determined that the defendant, using the name "Maria Padro" and the 6688 SSN, applied for and received a New York State driver's license with a client identification number of 865147781 (the "Padro License").  The Padro License was issued on April 15, 2010, with an address in Lindenhurst, New York, and expired on January 7, 2018.

18.     The DMV investigator further determined that the defendant, using the name "Maria Rios" and the 3268 SSN, applied for and received a renewed New York State non-driver identification card with a client identification number of 123082676 (the "Rios ID Card").  The Rios ID Card was issued on December 16, 2008, with an address in Massapequa Park, New York, and expired on January 7, 2016.

19.     According to the records of the DMV, the accounts associated with the Padro License and the Rios ID Card were both previously associated with the same

residential address in Lindenhurst, New York during the period from in or about and between July 1999 and January 2004.

20. I have examined the photographs associated with the Padro License and the Rios ID Card and determined that they both depict the defendant.

## CONCLUSION

21. Based on the foregoing, the defendant was not entitled to receive SSDI benefits in or about and between February 2002 and April 2019 under the Padro Identity because she had been engaged in Substantial Gainful Activity using the Rios Identity. Furthermore, between March 2016 and April 2019, the defendant received RSI benefits as the widow of Francisco Padro under the Padro Identity while she was also receiving RSI benefits under the Rios Identity. As a result, the defendant has received approximately $101,489.70 in benefit payments from SSA to which she was not entitled by making fraudulent statements to the SSA.

WHEREFORE, your deponent respectfully requests that the defendant MARIA RIOS, also known as "Maria Padro," be dealt with according to law.

*Neisha Samaroo, Special Agent*
Neisha Samaroo
Special Agent,
Social Security Administration, Office of the
Inspector General

Sworn to before me this
28th day of October, 2019

_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK